[No. 12103.   Department One. — September 19, 1887.]

JAMES H. CORBIN, RESPONDENT, v. H. WACHHORST,
APPELLANT.

PROMISSORY NOTE — ACTION ON — IMMORAL CONSIDERATION — THROWING
DICE. — The payee of a promissory note, given for money loaned by him
in good faith to be used in throwing dice, may maintain an action
thereon against the maker, although he knew the purpose for which the
money was intended to be used, when it does not appear that he won
any of the money, or that the maker of the note lost any of it, in the
dice-throwing.

APPEAL from a judgment of the Superior Court of
Sacramento County, and from an order refusing a new
trial.

The facts are stated in the opinion.

*W. A. Anderson,* and *Grove L. Johnson,* for Appellant.

*Lincoln White,* for Respondent.

FOOTE, C. — Plaintiff brought an action against the de-
fendant, founded upon the following promissory note: —
" $350.                    SACRAMENTO, January 30, 1886.
" One day after date, for value received, I promise to
pay to James H. Corbin, or order, $350.
                                   " H. WACHHORST."

From the judgment rendered against him, and an
order denying a new trial of the action, the latter has
appealed.

The grounds of his defense, as set up in the action,
were, —

1. That about the time he executed the note he was
intoxicated, and that he was further plied with intoxi-
cating liquors by the plaintiff, and fraudulently in-
duced to sign the note without knowing what he did,
and without any consideration whatever.

2. That the note was given for a consideration, if

any, which is contrary to the policy of the law and to good morals, in this: "That on said thirtieth day of January, 1886, the defendant visited the saloon of the plaintiff, and while in a state of intoxication was further plied with intoxicating liquors, and then induced by plaintiff to engage in a gambling dice-game with plaintiff; and while in a condition not to know what he was doing, fraudulently, and with the intent to deprive defendant of his money, was induced by plaintiff to wager large sums of money upon a throw of dice, upon which defendant is informed by plaintiff that he lost a large sum of money with plaintiff, and that for these alleged losses plaintiff, taking advantage of the incapacitated condition of the defendant, fraudulently obtained his signature to the alleged instrument; that there was no other consideration for said alleged promissory note, and that the same was for money alleged to have been lost by defendant while playing at dice with plaintiff."

Upon evidence which is sufficient to sustain them, the findings of the court upon the issues thus made were, —

That on the day of the date of the note sued on, the defendant made and delivered it to the plaintiff; that the plaintiff is still the owner and holder of the note, and that no part thereof has been paid, although the defendant had been requested to pay it before suit brought; that " on the evening of the said 30th of January, between five and six o'clock, defendant entered the saloon of plaintiff, in Sacramento city, and requested plaintiff to engage with him in the game of throwing dice. Plaintiff consented; and after they had played a short time, a third person came into the saloon and joined with them in the game; subsequently a fourth person also played with them. The game was played for money, and also occasionally for drinks, and was continued until about ten o'clock, P. M. Plaintiff did not play all the time; he would quit sometimes to attend to matters of business about the saloon, but he played in

the game most of the time.    During the evening defendant borrowed money a number of times from plaintiff. When a sum was borrowed, the amount was written, generally by defendant himself, on a card; and when another loan was made, the last card was torn up, and the whole amount written upon a new one.    About or a little after nine o'clock, the whole amount thus borrowed was $350.    Plaintiff then took a blank promissory note from a book containing numerous blanks of that kind, and after dating it, wrote in the sum of $350, and handed it to defendant, telling him that it was a note for $350, the amount which he owed him, and asked him to sign it.    Defendant took the note, looked at it a few minutes, and then signed it, and handed it to plaintiff.    No part of the consideration of the note was money won by plaintiff from defendant; it was all for money loaned by plaintiff to defendant, which plaintiff took out of his money-drawer and his safe.    Plaintiff himself was not winner at the game, and of the players it does not appear who was winner or loser when the game ended, about ten o'clock.    There is no evidence of any fraud or any conspiracy to cheat defendant, or to induce him to play.

"The allegation of the answer that at the time the note was signed defendant was 'in a state of intoxication, which incapacitated him from entering into the alleged or any contract whatever,' is not sustained by the evidence, and I therefore find it to be not true.    I find that none of the averments of subdivisions 2, 3, and 4 are true."

The game in which these parties were engaged was not one forbidden by any statute of this state.    Admitting that the plaintiff knew the money which the defendant borrowed from him was to be used afterward in the game of dice-throwing, he did not loan it with a view to have it used in a game declared by law to be unlawful, and

was entitled to recover on a contract the consideration of which was money loaned.

It is claimed that the Civil Code provides that a contract is not lawful when it is "contrary to good morals." Conceding, without deciding, that a note given for money lost at dice-throwing is a contract based upon "an immoral consideration," and still the defendant was liable on the note, for he borrowed money from the plaintiff, and gave the note therefor, and if the defendant used it in playing at dice-throwing, as he did, and the plaintiff knew it would be so used when he loaned it, and the plaintiff, as he did, loaned the money in good faith to the defendant, who knew what he was doing, and the plaintiff is not shown to have won the money for which the note was given, nor the defendant to have lost it in the game, the latter is liable on the note. (*Poorman* v. *Mills*, 39 Cal. 345.)

For *non constat* from the findings but what the money loaned in good faith to a man competent to contract may be still in his possession, or have been used for some other purpose to his advantage.

There is no prejudicial error shown by the record, and the judgment and order should be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.